BEN M. ANDERSON, Appellant, v. GEORGE A. BRADFORD, Respondent.

### Kansas City Court of Appeals, November 9, 1903.

1. **Real Estate Brokers:** TRIAL PRACTICE: BURDEN OF PROOF: INSTRUCTION. In an action by a real estate broker to recover commissions, an instruction throwing the burden of proof on plaintiff as to his employment and the production of a purchaser, etc., is condemned as raising particular issues and requiring strict proof of them, when they were, in fact, admitted and the verdict is held to show such instruction misleading and unfortunate.

2. **Pleading:** DEFENSE: AMENDMENT. It is suggested that before a new trial, the answer should be amended to set out the facts as understood by the defendant.

Appeal from Boone Circuit Court.—*Hon. John A. Hockaday*, Judge.

REVERSED AND REMANDED.

*N. T. Gentry* for appellant.

(1)   Instruction 1, given at the request of defendant, is erroneous. Feary v. Railroad, 162 Mo. 105; 1 Greenl. on Evid., sec. 27; McKelvey on Evid., sec. 74; State ex rel. v. O'Neil, 151 Mo. 67; Treadway v. Railroad, 40 Iowa 526; Starke v. Kensn, 11 Fla. 818; Oscanyan v. Arms Co., 103 U. S. 263; Wilson v. Spring, 63 Ill. 14; Oliver v. Bennett, 65 N. Y. 559; 1 Elliott's Gen.

Prac., sec. 140; Carson v. Porter, 22 Mo. App. 179; Mulligan v. Railroad, 77 Mo. App. 394. (2) The trial court erred in giving defendant's second instruction; it submitted to the jury an issue that was outside of the issues raised by the pleadings. Mize v. Glenn, 38 Mo. App. 104; Hudson v. Railway, 101 Mo. 29; Bliss on Code Plead., sec. 352; Jones v. Rush, 156 Mo. 371; Turner v. Thomas, 10 Mo. App. 342; Wright v. Fonda, 44 Mo. App. 642; Negent v. Curran, 77 Mo. 323; Fulkerson v. Thornton, 68 Mo. 468; George v. Railway, 40 Mo. App. 447; Glass v. Gelvin, 80 Mo. 302; Moffit v. Conklin, 35 Mo. 453; Bank v. Armstrong, 62 Mo. 65; Lenox v. Harrison, 88 Mo. 495; Merrett v. Poulter, 96 Mo. 240; Assn. v. Delano, 108 Mo. 220; Musser v. Adler, 86 Mo. 449; Greenway v. James, 34 Mo. 328; Young v. Glasscock, 79 Mo. 576; Kirby v. Railroad, 85 Mo. App. 350; Bank v. Westlake, 21 Mo. App. 572; Nichols v. Larkin, 79 Mo. 264; State ex rel. v. Horton, 161 Mo. 672; Sloan v. Speaker, 63 Mo. App. 325; Omohundro v. Emerson, 80 Mo. App. 313; Jones v. Grossman, 59 Mo. App. 195; Benjamin v. Railroad, 50 Mo. App. 602; State v. Weaver, 165 Mo. 2; Atkins v. Nicholson, 31 Mo. 488; Eli v. Tallman, 14 Wis. 30; Hill v. Canfield, 56 Pa. St. 454; Howe v. Laymen, 88 Ill. 39; Stephan v. Metzger, 95 Mo. App. 609; Gaty v. Slack, 19 Mo. App. 478; Jones v. Berry, 37 Mo. App. 131.

*Murry & Murry* for respondent.

(1) There is no merit in the objection raised by counsel for plaintiff to defendant's first instruction. This instruction declares the law as often approved by this court. Kesterson v. Cheuvront, 70 S. W. 1091; Bertram v. Railroad, 154 Mo. 639; Beauchamp v. Higgins, 20 Mo. App. 514; Wood v. Kelly, 82 Mo. App. 598. (2) Nor is plaintiff's objection to defendant's second instruction tenable. Stewart v. Goodrich, 9 Mo. App. 125; Madison v. Railroad, 60 Mo. App. 599; Geo. B.

Loving Co. v. Cattle Co., 75 S. W. 1095; Kesterson v. Cheuvront, 70 S. W. 1091; Young v. Glasscock, 79 Mo. 576; Jones v. Rush, 156 Mo. 371; Page & Austin v. Griffin, 71 Mo. App. 524.

ELLISON, J.—This action is for the purpose of recovering an agent's commission for procuring a purchaser for defendant's farm in Boone county. The judgment in the trial court was for plaintiff for the sum of one dollar only and he appealed.

The record shows, without contradiction, indeed it is shown by the evidence given by each party to the controversy, that there was a contract between the parties whereby plaintiff was to sell defendant's farm to W. W. Henderson of St. Louis. That afterwards, Henderson went to Boone county. That he was ready, willing and able to buy at the price agreed upon between him and defendant; and that he actually bargained for the place verbally and paid $20 on the purchase; but that defendant, for reasons of his own, afterwards refused to consummate the sale by making a deed. There was no dispute about plaintiff's employment, or of the production of Henderson, or of his being ready, willing and able. The principal dispute was whether plaintiff was the procuring cause of Henderson's attempt to purchase; in other words, whether he produced Henderson; and whether the contract with plaintiff was limited to the one trip he made to St. Louis immediately following the contract. In this condition of the record, we feel constrained to hold that the first instruction given for defendant, while stating correct propositions of law, in a general sense, is not justified by the evidence in the case. It unquestionably gave a coloring to the case prejudicial to the plaintiff. It informed the jury that it was incumbent upon the plaintiff to show by a preponderance or greater weight of the evidence that defendant entered into a contract to sell the farm; and that the purchaser produced was ready, willing and able to buy. These

Anderson v. Bradford.

things were not in dispute, and it was misleading and confusing to embody them in an instruction as requiring proof by plaintiff by a preponderance and greater weight of evidence. The instruction might well apply to cases of the nature of this one where such matters were as they usually are, a matter of dispute. But, in this case, it should be so framed as to meet the matters of controversy without including words making particular issues and requiring plaintiff to strictly prove them, when they had been conceded.

We are somewhat influenced in believing the instruction was misleading and unfortunate, as well as unjust to the plaintiff, by reason of the peculiar verdict returned. It was, as above stated, for one dollar. Yet the record shows that plaintiff was entitled, either to much more than that sum, or else he was not entitled to anything. If the plaintiff fails to show the things necessary to a recovery, the finding should be against him. If, on the other hand, he makes a showing which, under the law, the whole evidence considered, entitles him to a recovery, it should be for more than one dollar.

Since the case is to be retried it will not be necessary to go into the question relating to the propriety of the defendant's second instruction. It is attacked for the reason that it embodies the proposition that if the contract was that plaintiff was to produce a purchaser within a certain time and failed to produce him in that time, he could not recover. Plaintiff's criticism is that no such defense is made in the answer, and that therefore no issue of that sort was in the case. In view of the evidence given by defendant it would be the better and safer plan to amend the answer and set out the facts, as defendant understands them, in addition to the general denial.

The judgment is reversed and the cause is remanded. All concur.